IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DION MATHEWS,

                Plaintiff,                OPINION AND ORDER

v.

                                            20-cv-645-wmc

JOLINDA WATERMAN, PETER JAEGER,
MARK KARTMAN, SONYA ANDERSON, BRIAN KOOL,
JERRY SWEENY, SHIRLEY GATES, CARRIE SUTTER,
TAMMY DICKMAN, SARA MASON
and GARY BOUGHTON,

                Defendants.

---

Plaintiff Dion Mathews, who is representing himself, filed this lawsuit against members of the Special Needs Committee at Wisconsin Secure Program Facility ("WSPF"), contending that they violated his constitutional and state law rights by denying him an adequate mattress for his degenerative hip condition and associated pain despite recommendations from his doctors. In a previous order, the court granted defendants' motion for summary judgment on plaintiff's constitutional claims and declined to exercise supplemental jurisdiction over his state law claims. (Op. & Order (dkt. #85).) Plaintiff has now filed a motion for reconsideration of that decision. (Dkt. #87.) The court will deny that motion.

OPINION

Plaintiff filed his motion within 28 days of the judgment, so his motion to alter or amend the judgment falls under Federal Rule of Civil Procedure 59(e). Relief under this provision is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion is successful only where the movant

clearly establishes: (1) that the court committed a manifest error of law or fact; or (2) that newly discovered evidence precludes entry of judgment. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013).

Plaintiff contends that the court's summary judgment decision contains multiple errors. First, he argues that the court erred in dismissing his claims against defendants Gates, Sweeny and Sutter as falling outside the scope of his claims. However, as explained repeatedly in the court's screening order (dkt. #15), plaintiff's Eighth Amendment claim was limited to the Special Needs Committee decisions occurring *after* a doctor or specialist recommended that he receive a better mattress. The evidence established that there were two such recommendations from an outside orthopedist in October 2017 and December 2018, and the only relevant Special Needs Committee decisions post-dating those recommendations were in July and November 2018. Because the evidence established that defendants Gates, Sutter and Sweeney did not participate in either of the July or November 2018 Committee decisions, they were entitled to summary judgment on plaintiff's claims against them. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983 requires personal involvement in the alleged constitutional deprivation."). Plaintiff has identified no error in the court's dismissal of those defendants.

Second, plaintiff argues that the court erred in finding that he had refused treatment for his hip condition and associated pain, citing footnote 5 in the court's Opinion and Order. (Dkt. #85, at 14, n.5.) In that footnote, the court noted that in July 2020, plaintiff declined options presented by an orthopedist that might alleviate his pain because he was focused on obtaining a new mattress. (*Id.*) However, the court further noted that July 2020 was outside the relevant timeframe for this case, though the evidence did suggest that there may have been

2

other treatment options available. The court's observation was immaterial to the outcome of summary judgment and does not provide a basis to alter or amend the judgment.

Third, plaintiff argues that the court erred in concluding that the Special Needs Committee exercised medical judgment in rejecting his request for a different mattress. He argues that because an orthopedist recommended that he receive a better mattress, the Special Needs Committee should have provided one. However, the court granted summary judgment to the Special Needs Committee members on the ground of qualified immunity. (Dkt. #85, at 12-13.) Specifically, the court noted that plaintiff had failed to cite binding case law clearly establishing that prison officials must *always* follow a recommendation from a medical specialist. (*Id.* (*citing Wilson v. Adams*, 901 F.3d 816, 822 (7th Cir. 2018).) Nor did plaintiff cite binding caselaw holding that recommendations of an outside medical specialist trump a prison staff's consideration of DOC and BHS policy to the contrary. Here, the record evidence showed that the Committee reviewed plaintiff's medical records and concluded that he lacked any of the qualifying medical conditions that would permit approval of a specialized or medical mattress. The records further showed that plaintiff had received other support items for his hip pain, as well as other treatment options. Plaintiff identified no caselaw under which the Committee member would be found liable on such a record.

Fourth, plaintiff argues that he should have been permitted to challenge DOC and BHS policies regarding special mattresses as violating the Eighth Amendment. However, he was not granted leave to challenge the policy itself, and a motion for reconsideration is far too late to bring a new claim into the lawsuit.

Fifth, plaintiff argues that the court should have permitted him to develop his evidence regarding the differences between the mattresses in restrictive housing and general populations.

3

Plaintiff's evidence regarding the mattresses was insufficient for many reasons: the evidence was outside the relevant time frame; the evidence provided no comparison between the mattresses in the units; the evidence did not show that any of the named defendants were responsible for allocating mattresses to the specific units; and evidence regarding one or two inmates' experiences was insufficient to show that prison staff intentionally and systematically provided worse mattresses to inmates in restrictive housing because of their status as segregated inmates. In his motion for reconsideration, plaintiff still fails to explain how he would fill the numerous holes in his evidence. Moreover, if plaintiff had such evidence, the time to present it was at summary judgment. It is now too late to develop additional evidence to support his claims.

Sixth and finally, plaintiff argues that the court should have recruited counsel to represent him. He argues that a lawyer could have found a medical expert who would have supported his argument that the mattresses in the Restrictive Housing Unit caused his hip problems, and that only a better mattress would reduce his pain. But this argument fails. Plaintiff never requested that the court recruit a medical expert for him, and it is too late to do so. That said, the court is not persuaded that a medical expert would have affected the outcome of this case. Plaintiff's claims ultimately failed because he could not show that any defendant violated clearly established law in rejecting plaintiff's requests for a different mattress. Even if plaintiff could have found a medical expert to testify that a different mattress could have reduced his pain, it would have been difficult to overcome defendants' qualified immunity defense, as well as their arguments that they relied on medical judgment and DOC and BHS policy. Accordingly, plaintiff's motion to alter or amend the judgment will be denied.

4

ORDER

IT IS ORDERED that plaintiff Dion Mathews' motion to alter or amend the judgment (dkt. #87) is DENIED.

Entered this 3rd day of October 3, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge